## ELIZABETH JORDAN, APPELLANT, *v.* JOHN C. VAN EPPS, RESPONDENT.

*Judgment and sale in partition — bars inchoate right of dower — failure to provide in the judgment for ascertaining the value of the dower interest does not render the judgment void — right of a purchaser under the judgment.*

A judgment in partition, and a sale thereunder, bars the inchoate right of dower of the wife of any owner, if she be made a party to the action.

Although the omission to provide in the judgment for ascertaining the value of the inchoate right of dower of one entitled thereto is erroneous, yet it can only be corrected on appeal; the omission does not avoid the judgment, and a purchaser at a sale thereunder acquires a good title to the premises, free from all claim of dower therein.

APPEAL from a judgment of the Monroe County Court in favor of the defendant, and from an order denying a motion for a new trial made upon the minutes of the judge.

*Daniel Wood,* for the appellant. The judgment roll in the partition suit offered in evidence by defendant should have been ruled out as irrelevant, incompetent and immaterial, upon the objection thereto made by plaintiff's counsel, and as being no defence to this action. The decision of a motion by the court is never *res adjudicata.* (*John Labor* v. *Deming,* 56 How., 209; *Smith* v. *Spalding,* 6 Robertson, 615; *Belmont* v. *Erie R. R. Co.,* 52 Bar., 637; see also *Easton* v. *Pickersgill,* 8 N. Y. Weekly Dig., 37, Court of Appeals.) The judgment in the partition suit only affected or concluded the heirs and creditors of George W. Jordan, who were made parties, and touched no lien or dower interest prior to the title of George W. Jordan. (See *Jackson* v. *Edwards,* 7 Paige, 386; see also 2 R. S. [3d ed.], 417, latter clause of sub. 1 of § 36, § 37; *Blakely* v. *Calder,* 15 N. Y., 617, particularly on pages 624, 625 and 626; 6 N. Y., 82; 9 id., 502.) An action for partition is an equity suit; in such action conflicting claims cannot be tried, especially " when the title to dower is in controversy; it must be settled at law." (4 Kent [7th ed.], 381; *Badgely* v. *Bruce,* 4 Paige, 98; *Jenkins* v. *Van Schaack,* 3 id., 242; *Burhans* v. *Burhans,* 2 Barb. Chy., 398; *Hosford* v. *Merwin,* 5 Bar., 51; *Florence* v. *Hopkins,* 46 N. Y., 182; *O'Dougherty* v. *Aldrich,* 5 Denio, 385.) Dower may also be admeasured notwithstanding a *partition suit* has been brought and the *widow made a party.* (*In the Matter of Sipperly,* 44 Bar., 370; see also *Youngs* v. *Carter,* 10 Hun, 194; *Van Schuyver* v. *Mulford,* 59 N. Y., 426.)

*Fanning & Williams,* for the respondent. The partition suit is a bar to this action. The plaintiff's right of dower in the premises was directly adjudicated in that action, and denied. It was in issue and passed upon. Van Epps being a purchaser under that decree can avail himself thereof. (*Brevoort* v. *Brevoort et al.,* 70 N. Y., 140; *Howell* v. *Mill,* 56 id., 226; *Castle et al.* v. *Noyes,* 14 id., 329; *Casoni et al.* v. *Jerome,* 58 id.,

316–321; 2 Best on Evidence [Wood's notes, 1064], 739, marginal notes ; Freeman. on Judgments, § 304; Herman on Estoppel, § 92, p. 98; 1 Scribner on Dower, 331; *Tanner* v. *Niles*, 1 Barb., 561; *Jackson* v. *Edwards*, 7 Paige, 387; *S. C.*, 22 Wend., 517; *Mead* v. *Mitchell*, 17 N. Y., 210–217; *Wright* v. *Dunning*, 46 Ill., 271; *Clemens* v. *Clemens*, 37 N. Y., 72; *Blomer* v. *Sturges*, 58 id., 176; *Blakeley* v. *Calder*, 15 id., 617; *Whittemore* v. *Shaw*, 8 N. H. R., 393; *Embury* v. *Conner*, 3 Com., 511; *Pentz* v. *Kuester*, 41 Mo. R., 447–450; 5 Wait's Sup. Ct. Pr., 116, 182; *Moore* v. *Mayor*, 8 N. Y., 110; *Ehle* v. *Bingham*, 7 Barb., 494.) Even if there was no finding as to her dower, she was a party and is bound by the judgment. (*Jenkins* v. *Fahey*, Ct. App. Apl., 16, '78; 18 Alb. L. Jour., 157; *S. C.*, 7 N. Y. Wkly. D., 148.) Even if there were any irregularity in the partition suit it did not affect Van Epps' title. A purchaser on a partition, under an order of the court, is entitled to be protected even against errors. So held, and that the reversal of the order of sale would not affect or disturb him. (*Dorsey* v. *Thompson*, 37 Md., 26 -45; *Secombe* v. *R. R.*, 23 Wal. [U. S.] R., 109–118, cited in divorce case N. Y. Ct. App., 6 N. Y. Wkly. D., 313; *Woods* v. *Lee*, 21 Louisiana Annual R., 505 [Probate sale] ; *McCahill* v. *Equitable Co.*, 26 N. J. Equity, 531–536 [purchaser would not be let off for irregularity]; *Carter* v. *Nichols*, 42 N. Y., 26; *Winston* v. *Haynes*, 49 Miss., 263; Gerard's Abstract of Titles, 622; *Spaulding* v. *Baldwin*, 31 Ind., 376; *Clowes* v. *Vanderheyden*, 17 Johns. R., 167; *Lawrence* v. *Hunt*, 10 Wend., 81; *Kingsland* v. *Spaulding*, 3 Barb. Ch. R., 241; *Birkhead* v. *Brown*, 5 Sandf. Superior Ct. R., 135; 1 Greenleaf on Ev., § 189.) Moreover, the orders made on motions for confirmation of referee's report in partition, and to open the partition sale and for resale, are *res adjudicata*. (*Whittlesy* v. *Frantz*, 7 N. Y. Wkly. Dig., 403; *Dwight* v. *St. John*, 25 id., 203–205.)

TALCOTT, P. J. :

This is an appeal from the judgment of the County Court of Monroe county for the defendant, on the verdict of a jury, and from an order denying a new trial in the case.

The action is ejectment for dower. The plaintiff having proved

the seizin of her late husband, the possession of the defendant, and her demand of dower in the premises, rested, whereupon the defendant introduced and proved two judgment records in the Supreme Court of this State.

1. A judgment in an action for a divorce, instituted by Christopher Jordan, the late husband of the plaintiff, charging the plaintiff with various acts of adultery, in which action the plaintiff appeared and defended, and which finally resulted in a decree of divorce *a vinculo*, on the ground of the adultery of the plaintiff, the record of which was filed July 8, 1858, in the office of the clerk of Monroe county, where the parties then resided, and which judgment was conceded to be in all respects regular on its face.

2. A judgment roll in partition, in a suit wherein the said Christopher Jordan was plaintiff, and the said Elizabeth, the now plaintiff, one of the defendants, under the decree in which latter case, the premises in question were sold to the defendant in April, 1876. It appears that the partition suit was commenced in 1868, but by reason of various delays was protracted, and resulted in a final decree for the sale of the premises in March, 1876.

The proof of this judgment in partition was objected to by the plaintiff's counsel, on the ground that it was " irrelevant, incompetent and immaterial." The objection was overruled, and the judgment in partition and the subsequent proceedings thereon were received in evidence, and the plaintiff excepted. The plaintiff's counsel also makes various objections to the effect of the judgment in the action for divorce, which was conceded to be regular on its face, claiming that, as the plaintiff's *inchoate* right of dower was vested in her before the decree and before the alleged act of adultery took place, such decree could not operate retrospectively to bar her dower. The counsel for the plaintiff also offered in substance to prove that the entering of the decree in the action for the divorce was fraudulent as against the plaintiff, who, as was alleged, continued to reside with the said Christopher Jordan, as his wife, for many years after the said decree was obtained, and down to the time of his decease.

In the disposition which we propose to make of the case, the various objections raised to the validity of the decree of divorce

will not be considered, as we see no reason to doubt but that the decree in the action of partition, and the sale under the same to the defendant, is a bar to the plaintiff's action to recover the premises in question which constituted the land sold under the decree, and under which sale and purchase the defendant claims title.

The judgment record in the action for partition is not set out at length, but, instead thereof, the case contains various recitals referring to the contents of that judgment record. From this circumstance, it is difficult in all respects to fully understand all the proceedings in the partition suit; but as the appellant made up the bill of exceptions, and has caused to be inserted therein these various detached recitals instead of the entire judgment record in partition, it will be assumed that the judgment in partition was in all respects regular so far as any question relating to the jurisdiction of the court is concerned.

The complaint in the partition suit avers that "the defendant, Elizabeth Jordan, claims an *inchoate* right of dower in said premises, as never having signed any deed or conveyance of said premises, which were conveyed by her husband, Christopher Jordan, in 1852, to George W. Jordan, in which conveyance she did not join."

The roll contained, among other things, "proof of service of summons and notice of the object of action on Elizabeth Jordan (plaintiff herein), personally, on April 3, 1868," and averred that the premises of which partition was sought were subject to the inchoate right of dower of the said Elizabeth Jordan, and that she failed to appear or to put in any answer to the complaint; and that none of the defendants had appeared or answered, except certain infants, who appeared by guardian *ad litem* and answered, and the action was referred to a referee, who made a report, which was confirmed by the court, and a decree was entered thereupon on the 26th of June, 1875. This decree states that Christopher Jordan, the plaintiff in the partition suit, is entitled to one undivided one-tenth part of the premises, and Elizabeth Jordan, the now plaintiff, is entitled to an *inchoate* right of dower in the one undivided tenth of said premises. And the decree provides that after the payment of certain sums, for costs

and debts, the referee " pay to the plaintiffs, Christopher Jordan and Elizabeth Jordan, one-tenth thereof." This we suppose refers to the referee who was, by the said decree, directed to make a sale of the said premises under the decree which was entered June 26, 1875.

It seems that the first decree was opened or set aside in September, 1875, in order to bring in new parties to the action, in place of some who had died *pendente lite*, leaving minor children ; and by the order vacating the first judgment, any or all of the defendants were permitted to serve answers. A supplemental complaint was filed, and certain of the defendants put in answers, and a guardian was appointed for the infant defendants, who put in the usual general answer, but Elizabeth Jordan did not appear or answer. The answer of the adults to the supplemental complaint denies none of the allegations of the complaint. A second reference then took place to the same or a new referee, who found, among other things, that the said Christopher Jordan, before the commencement of the partition suit, " procured, in due form of law, an absolute decree of divorce, dissolving the marriage contract between the said plaintiff and said Elizabeth Jordan. The second report of the referee was confirmed March 1, 1876, and says nothing about the right of dower of said Elizabeth. On the confirmation of the said second report, the " usual decree " of partition was made, " which also ordered a sale of the premises, and directs that the referee on the sale shall execute a deed, and the purchaser shall be let into possession on production of the said referee's deed." The counsel for the defendant then put in" evidence the deed of the referee on the sale in partition, which purports to convey the whole premises described in the complaint in this action to the defendant. The deed recites the judgment and decree in the partition suit, and the order directing the referee to execute the deed.

It appeared that after the sale in partition Sarah R. Gaskin, one of the defendants in that suit, and Elizabeth Jordan, the now plaintiff, made a motion to set aside the sale in partition and to order a resale. This motion was heard at a Special Term of this court, on the 3d of August, 1876, and appears to have been founded upon the judgment roll and all the papers in the partition

suit, and also upon the affidavits of said Sarah R. Gaskin and said Elizabeth Jordan, and the now plaintiff's attorney. What the grounds of the said motion were do not precisely appear, but among other things it would seem that the plaintiff in this suit still claimed a right of dower in the premises, and asked some kind of relief as to herself, founded on that circumstance. Van Epps, the defendant in this suit, appeared by his counsel, and his affidavit was read in opposition to that motion ; and the motion to set aside the sale and for a resale was denied, and the referee's report of sale was confirmed.

The plaintiff's counsel, so far as we understand his positions in reference to the decree and sale in partition, seems to claim that the plaintiff's right of dower in the premises was not contested or litigated in the partition case, and could not be, and that " a sale in partition does not cut off or affect a widow's dower, unless she consents or is paid her dower interest as provided by the statute."

We do not understand such to be the law ; a brief reference to the statutes relating to the partition of real estate, clearly shows, in our opinion, that a woman whose dower has not been admeasured may be made a party defendant in such an action. . It is expressly provided in 2 R. S. (2d ed.), 208, §§ 5, 6, that she may be made a party to the petition. She may appear and answer on account of her interest, whether " such interest be present and vested or contingent." (2 R. S. [2d ed.], 244, § 16.)

We assume that the sale in this case was made upon the report of a referee, and without the appointment of any commissioners.

The effect of the sale is declared by the Revised Statutes (2 R. S., 327, § 61), which provides that the sale shall be a bar, both in law and equity, against all persons interested in such premises in any way, who shall have been named as parties in the said proceedings, and against all other persons claiming from such parties or either of them. That it was intended that a sale under a judgment in partition should cut off an inchoate right of dower is apparent from the provisions of chap. 177, of the act of 1840, entitled " an act for the better securing the interests of married women in lands sold under judgment or decree in partition." Section 1 of that act provides that " in all cases of sales under

judgment or decree in partition, where it shall appear that any married woman has an *inchoate* right of dower in any lands divided or sold, or that any person has any vested or contingent future right or estate in such lands, it shall be the duty of the court under whose judgment or decree such sale is made to ascertain and settle the proportional value of such inchoate, contingent or vested right or estate, according to the principles of law applicable to annuities and survivorships, and to direct such proportion of the proceeds of the sale to be invested, secured or paid over in such manner as shall be judged best to secure and protect the rights and interests of the parties."

From the statement of the judgment roll in partition, which appears in the case, it seems that the right of the now plaintiff, Elizabeth Jordan, was admitted in that partition suit, and it does not appear upon what ground the decree omitted to provide for an ascertainment of the value of that right, whether by virtue of a release to her husband of such right, or by reason of the fact of such decree of divorce found by the referee. If it proceeded upon the latter ground, the omission of the court to provide for the ascertainment of the value of such *inchoate* right of dower, under the act of 1840, was probably error, in respect to which the said Elizabeth might have had redress by an appeal from the judgment, inasmuch as it does not appear that there was any issue in the case under which the decree of divorce was admissible in evidence; and it is possible from the statements contained in the bill of exceptions that this was one of the grounds on which the now plaintiff moved to set aside the sale in the partition suit. But, however this may be in fact, the judgment for a sale in the partition suit was not *void*, but should, if erroneous, have been corrected on appeal.

A judgment rendered by a court having power lawfully conferred to deal with the general subject involved in the action, and having jurisdiction of the parties, although against the facts or without the facts to sustain it, is not void as rendered without jurisdiction, and cannot be questioned collaterally. (*Hunt* v. *Hunt*, 72 N. Y., 217 ; *Jenkins* v. *Fahey*, 73 id., 355.)

A purchaser under a sale in partition is protected against all irregularities in the judgment or in the proceedings upon which

it was founded, which do not affect the jurisdiction of the court over the subject-matter or the parties. (*Alvord* v. *Beach*, 5 Abb., 451; *Brevoort* v. *Brevoort*, 70 N. Y., 136; *Jenkins* v. *Fahey*, 73 id., 355.) In this case the Supreme Court had general jurisdiction of the subject-matter, and by its process obtained jurisdiction of the person of the plaintiff; and we think, within the meaning of the statutes before referred to, and the cases above cited, the defendant acquired a valid title to the premises by the sale on the judgment in partition, and the conveyance to him on such sale.

The judgment of the county court and the order refusing a new trial are affirmed.